Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:	516.741.4977
Facsimile:	516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN THOLLON., <br><br> Plaintiff, <br><br> vs. <br><br> AUTOWEB, INC., MICHAEL J. FUCHS, MATIAS DE TEZANOS, MARK N. KAPLAN, JARED R. ROWE, JANET M. THOMPSON, and JOSE VARGAS, <br><br> Defendants. | Case No.: <br><br> **Complaint For:** <br><br> (1) Violation of § 14 (e) of the Securities Exchange Act of 1934 <br> (2) Violation of § 14 (d) of the Securities Exchange Act of 1934 <br> (3) Violation of § 20(a) of the Securities Exchange Act of 1934 <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, John Thollon. ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1.     Plaintiff brings this stockholder action against AutoWeb, Inc. ("AutoWeb" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants," and collectively with the Company, the "Defendants"), for violations of Sections 14(e), 14 (d), and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants'

efforts to sell the Company to Unity AC 1, LLC ("Purchaser"), an affiliate of One Planet Group, LLC ("Parent" through merger subsidiary Unity AC 2, Inc. ("Merger Sub, and collectively with Purchaser and Parent, "One Planet") as a result of an unfair process, and to enjoin an upcoming tender offer on a proposed all cash transaction (the "Proposed Transaction").

2.      The terms of the Proposed Transaction were memorialized in a July 24, 2022 filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, One Planet will acquire all the outstanding shares of AutoWeb common stock for $0.39 per share in cash. As a result, AutoWeb will become an indirect wholly-owned subsidiary of One Planet.

3.      Thereafter, on August 3, 2022, AutoWeb filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC in support of the Proposed Transaction.

4.      The Proposed Transaction is unfair for a number of reasons.  Significantly, the Recommendation Statement describes an insufficient process with only one goal in mind – to sell the Company to the One Planet.

5.      Next, it appears as though the Board has entered into the Proposed Transaction to procure for itself and senior management of the Company significant and immediate benefits with no thought to Plaintiff as a public stockholder.  For instance, pursuant to the terms of the Merger Agreement, upon the consummation of the Proposed Transaction, Company Board Members and executive officers will be able to exchange all Company equity awards for the merger consideration.

6. In violation of the Exchange Act, Defendants caused to be filed the materially deficient Recommendation Statement with the SEC in an effort to solicit stockholders, including Plaintiff, to tender their AutoWeb shares in favor of the Proposed Transaction. The Recommendation Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to tender in favor of the Proposed Transaction, and is thus in violation of the Exchange Act.

7. As detailed below, the Recommendation Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for AutoWeb, provided by AutoWeb to the Company's financial advisors Houlihan Lokey Capital, Inc. ("Houlihan") and Lake Street Capital Markets, LLC ("Lake Street") ; and (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinions created by Houlihan and provided to the Company and the Board. Accordingly, this action seeks to enjoin the Proposed Transaction.

8. Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff. This action seeks to enjoin the Proposed Transaction.

**PARTIES**

9. Plaintiff is a citizen of New York and, at all times relevant hereto, has been a AutoWeb stockholder.

10. Defendant AutoWeb operates as a digital marketing company for the automotive industry in the United States. AutoWeb is incorporated in Delaware and has its principal place of business at 400 North Ashley Drive, Suite 300 Tampa, Florida 33602-4314. Shares of AutoWeb common stock are traded on the Nasdaq Stock Exchange under the symbol "AUTO."

11. Defendant Michael J. Fuchs ("Fuchs") has been a Director of the Company at all relevant times.

12. Defendant Matías de Tezanos ("Tezanos") has been a director of the Company at all relevant times.

13. Defendant Mark N. Kaplan ("Kaplan") has been a director of the Company at all relevant times.

14. Defendant Jared R. Rowe ("Rowe") has been a director of the Company at all relevant times.

15. Defendant Janet M. Thompson ("Thompson") has been a director of the Company at all relevant times.

16. Defendant José Vargas ("Vargas") has been a director of the Company at all relevant times.

17. Defendant Gina Hoagland ("Hoagland") has been a director of the Company at all relevant times.

18. Defendants identified in ¶¶ 11 - 17 are collectively referred to as the "Individual Defendants."

19. Non-Party One Planet is a hybrid tech firm that runs a suite of online technology and media businesses.

20. Non-Party Merger Sub, Inc. is a wholly owned subsidiary of One Planet created to effectuate the Proposed Transaction.

**JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

violations of Sections 14(e), 14 (d), and 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

22.     Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District; for example, the Company's stock trades on the Nasdaq Stock Exchange which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

24.     AutoWeb operates as a digital marketing company for the automotive industry in the United States. It assists automotive retail dealers and manufacturers to market and sell new and used vehicles to consumers through its programs. The Company's products include new vehicle lead program, which allows consumers to submit requests for pricing and availability of specific makes and models; and used vehicle lead program, which allows consumers to search for used vehicles according to specific search parameters, such as price, make, model, mileage, year, and location of the vehicle. Its products and services also comprise WebLeads+ that offers various coupon options, which display marketing messages to consumers visiting the dealer's website; and

Payment Pro, a dealer website conversion tool that offers consumers real-time online monthly payment information, as well as sells fixed placement advertising across its website to automotive advertisers. It owns and operates automotive websites that offers consumers with the information and tools to aid them with their automotive purchase decisions; direct marketing platform that enables manufacturers to selectively target in-market consumers during the often-extended vehicle shopping process; and click traffic referral program, a pay-per-click advertising program that offer targeted offers to consumers based on make, model, and geographic location. The Company was formerly known as Autobytel Inc. and changed its name to AutoWeb, Inc. in October 2017. AutoWeb, Inc. was founded in 1995 and is headquartered in Tampa, Florida.

25.     The Company's most recent financial performance press release, revealing financial results from the quarter preceding the announcement of the Proposed Transaction, indicated impressive financial success. For example, in the May 16, 2022 press release announcing its 2022 Q1 financial results, the Company reported milestones such as Revenue of $19.1 million and Gross Profit of $3.9 million.

26.     Despite adverse market conditions globally, CEO Defendant Rowe expressed optimism in the Company's future by stating, "We continue to believe in the underlying long-term value of our platform and will work tirelessly in our efforts to guide this business through these difficult times."

27.     The promise and financial results are not an anomaly, but rather, are indicative of a trend of continued future potential success by AutoWeb. Clearly, based upon the positive outlook, the Company is likely to have future success.

28. Despite this upward trajectory, the Individual Defendants have caused AutoWeb to enter into the Proposed Transaction without providing requisite information to AutoWeb stockholders such as Plaintiff.

*The Flawed Sales Process*

29. As detailed in the Recommendation Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual Defendants and was designed with only one concern in mind – to effectuate a sale of the Company by any means possible.

30. The Recommendation Statement fails to adequately address why it was necessary to retain the services of two separate financial advisors, and further, to elaborate on the scope of duties assigned to Lake Street with respect to the Proposed Transaction in light of the fact that Lake Street did not deliver a fairness opinion.

31. In addition, the Recommendation Statement is silent as to the nature of the confidentiality agreements entered into between the Company and potentially interested third parties, including One Planet, throughout the sales process, if any, and whether these agreements differ from each other, and if so in what way. The Recommendation Statement also fails to disclose all specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and any potentially interested third parties, including The One Planet, throughout the sales process, if any, would fall away.

32. It is not surprising, given this background to the overall sales process, that it was conducted in an inappropriate and misleading manner.

*The Proposed Transaction*

33. On July 25, 2022, AutoWeb issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> **TAMPA, Fla., July 25, 2022 (GLOBE NEWSWIRE) --** AutoWeb, Inc. (Nasdaq: AUTO) ("AutoWeb" or the "Company"), an automotive matchmaking platform connecting in-market car shoppers to their preferred vehicle transactions, announced that it has entered into a definitive merger agreement to be acquired by a subsidiary (the "Purchaser") of One Planet Group, LLC ("One Planet Group"), under which the Purchaser will pay a cash purchase price of $0.39 per share of AutoWeb. Payam Zamani, One Planet Group's CEO, will assume the role of President and CEO of AutoWeb, Inc., and Jared Rowe will transition out of the business.
>
> "Not many founders get the opportunity to return to a company that they helped create. AutoWeb has been a pioneer in the online automotive industry and in many ways directly influenced its evolution," stated Payam Zamani, CEO of One Planet Group. "It is now time for the company to experience an evolution to prepare for the challenges and the opportunities in the automotive industry of tomorrow."
>
> The acquisition, which has been approved by the Company's Board of Directors, based on the recommendation of a Special Committee of the Board consisting of independent, disinterested directors, is structured as a two-step merger, with the first step being a tender offer for all issued and outstanding shares of AutoWeb by the Purchaser and the second step being a merger in which any shares of AutoWeb that were not tendered in the tender offer would be converted into the right to receive the same cash price per share as stockholders who tendered in the tender offer. The factors considered by the Special Committee and the Board are further described in the Current Report on Form 8-K filed by the Company on the date of this release. The parties have agreed to commence the tender offer by August 1, 2022.
>
> The closing of the tender offer and acquisition are subject to customary closing conditions and other terms and conditions detailed in the merger agreement. The merger is expected to close by September 16, 2022.
>
> The Company is represented in this transaction by its financial advisor, Houlihan Lokey, and its legal counsel, Gibson Dunn & Crutcher LLP.  One Planet Group is represented by its legal counsel, Mayer Brown LLP.

*Potential Conflicts of Interest*

34. The breakdown of the benefits of the deal indicates that AutoWeb insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders such as Plaintiff. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff as a public stockholder of AutoWeb.

35. Notably, Company insiders, currently own large, illiquid portions of Company stock, which will be exchanged for the merger consideration upon the consummation of the Proposed Transaction. The Recommendation Statement provides for the cash consideration in which the stock will be exchanged as follows:

| Name of Executive Officer or Director | Number of Shares Beneficially Owned (#) | Implied Cash Consideration for Shares ($) |
|---|---|---|
| Michael J. Fuchs | 55,680 | 21,715.20 |
| Matias de Tezanos | 2,882,928 | 1,124,341.92 |
| Mark N. Kaplan | 10,000 | 3,900 |
| Janet M. Thompson | 5,040 | 1,965.60 |
| Jose Vargas | 2,882,710 | 1,124,256.90 |
| Jared R. Rowe | 94,665 | 36,919.35 |
| Daniel R. Ingle | 17,164 | 6,693.96 |
| Glenn E. Fuller | 28,146 | 10,976.94 |
| Carlton D. Hamer | — | — |
| Sara E. Partin | 5,428 | 2,116.92 |
| Brett L. Nanigian | 6,400 | 2,496 |

| | | |
|---|---|---|
| Scott L. Edwards | — | — |
| Joshua J. Barsetti | — | — |
| All directors and executive officers as a group (13 persons) | 3,205,233 | 1,250,040.87 |

36.   Notably, Company insiders, currently own large, illiquid portions of Company stock, stock option, restricted share, or other equity award, which will be exchanged for the merger consideration. The Recommendation Statement, however, provides an accounting of these options as follows:

| Name of Executive Officer or Director | Number of Options (#) | Cash Consideration for Options ($) | Number of Restricted Shares (#) | Cash Consideration for Restricted Shares ($) |
|---|---|---|---|---|
| Michael J. Fuchs | 60,000 | 0 | 0 | 0 |
| Matias de Tezanos | 0 | 0 | 0 | 0 |
| Mark N. Kaplan | 60,000 | 0 | 0 | 0 |
| Janet M. Thompson | 60,000 | 0 | 0 | 0 |
| Jose Vargas | 0 | 0 | 0 | 0 |
| Jared R. Rowe | 1,7350,000 | 0 | 256,667 | 100,100.13 |
| Daniel R. Ingle | 547,500 | 0 | 155,000 | 60,450 |
| Glenn E. Fuller | 452,000 | 0 | 105,000 | 40,950 |
| Carlton D. Hamer | 120,000 | 0 | 100,000 | 39,000 |
| Sara E. Partin | 285,000 | 0 | 91,667 | 35,750.13 |
| Brett L. Nanigian | 180,000 | 0 | 0 | 0 |
| Scott L. Edwards | 85,000 | 0 | 0 | 0 |
| Joshua J. Barsetti | 55,000 | 0 | 0 | 0 |
| All directors and executive officers as a group (15 persons) | 3,639,500 | 0 | 708,334 | 276,250.26 |

37. In addition, certain employment agreements with certain AutoWeb executives, entitle such executives to severance packages should their employment be terminated under certain circumstances. These 'golden parachute' packages are significant and will grant each director or officer entitled to them millions of dollars, compensation not shared by Plaintiff as follow:

**Golden Parachute Compensation**

| Name | Cash ($) | Equity ($) | Perquisites/ Benefits ($) | Total Value ($) |
|---|---|---|---|---|
| Jared R. Rowe | 1,750,000 | 100,100.13 | 8,065.29 | 1,858,165.42 |
| Daniel R. Ingle | 573,356 | 60,450 | 38,770 | 672,576 |
| Glenn E. Fuller | 688,825 | 40,950 | 44,878 | 774,653 |

38. The Recommendation Statement also fails to adequately disclose communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Plaintiff to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

39. Thus, while the Proposed Transaction is not in the best interests of AutoWeb, Plaintiff or Company stockholders, it will produce lucrative benefits for the Company's officers and directors.

*The Materially Misleading and/or Incomplete Recommendation Statement*

40. On August 3, 2022, the AutoWeb Board caused to be filed with the SEC a

materially misleading and incomplete Recommendation Statement, that in violation the Exchange Act, failed to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction*

41.   Specifically, the Recommendation Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Recommendation Statement fails to disclose:

   a. Whether the terms of any confidentiality agreements entered during the sales process between AutoWeb on the one hand, and any other third party (including The One Planet), if any, on the other hand, differed from one another, and if so, in what way;

   b. Adequate disclosure as to why it was necessary to retain two separate financial advisors, and further, adequate disclosure as to the scope of duties assigned to Lake Street with respect to the Proposed Transaction;

   c. All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties (including the One Planet entities) throughout the sales process, if any, would fall away; and

   d. The Recommendation Statement also fails to adequately disclose communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*Omissions and/or Material Misrepresentations Concerning AutoWeb's Financial Projections or a viable alternative*

42. The Recommendation Statement fails to provide material information concerning financial projections for AutoWeb provided by AutoWeb management and relied upon by Houlihan in its analyses. The Recommendation Statement discloses management-prepared Cash Flow financial projections for the Company which are not disclosed to shareholders. Further, despite discussion of potential strategic alternatives relating to reorganization, and use of said possibility as a rationale for a liquidation analysis, the Recommendation Sheet provides no disclosure as to financial value of the Company's assets in liquidation or reorganization.

43. Notably, in connection with its fairness opinion rendered to the Company Board regarding the Proposed Transaction, Houlihan notes that it reviewed, "certain information relating to the historical, current and future operations, financial condition and prospects of the Company made available to Houlihan Lokey by the Company."

44. The Recommendation Statement, therefore, should have, but fails to provide, certain information in the projections that AutoWeb management provided to the Board and Houlihan. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

45. The Recommendation Statement explains that Cash Flow Projections were provided to Houlihan in the course of their analysis, however, there is no disclosure of said Cash Flow Projections.

- 13 -

46. Further, despite discussion of liquidation or reorganization as a strategic alternative, as well as Houlihan conducting a liquidation analysis in accordance with these alternatives, no disclosure is given as to the value or extent of Company assets in the event the Company chose either of these alternatives.

47. The Recommendation Statement fails to disclose a summary of the management projections relating to the future financial performance of the Company assuming the Company would be able to obtain financing.

48. The Recommendation Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

49. This information is necessary to provide Plaintiff in his capacity as a Company stockholder a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

50. Without accurate projection or liquidation data presented in the Recommendation Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of Houlihan's financial analyses, or make an informed decision whether to tender his shares in favor of the Proposed Transaction. As such, the Board is in violation of the Exchange Act by failing to include such information in the Recommendation Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Houlihan*

51. In the Recommendation Statement, Houlihan describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for,

underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

52. With respect to the *Liquidation Analysis*, the Recommendation Statement fails to disclose the following:

    a. The underlying inputs, metrics, and assumptions used to determine the ability of the Company to recover aggregate shortfall ranging from approximately ($13.2 million) to ($4.9 million);

    b. The underlying inputs, metrics, and assumptions used to determine the ability of the Company to recover their accounts receivable at a rate of 50% to 90% of the amount set forth on the Company's June 30, 2022 balance sheet;

    c. The underlying inputs, metrics, and assumptions used to determine the ability of the Company to liquidate their various brands and website domains for $2.5 million to $8.8 million;

    d. The .com domain names compared; and

    e. The value of each transaction compared.

53. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to tender his shares in favor of the Proposed Transaction.

54. Additionally, the Recommendation Statement fails to address any services Houlihan Lokey provided to the Company or One Planet in the two years prior to its fairness opinion. Also, the Recommendation Statement fails to disclose the compensation Houlihan Lokey has received any services provided.

55. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value

and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public AutoWeb stockholder. As such, the Board has violated the Exchange Act by failing to include such information in the Recommendation Statement.

## FIRST COUNT

## Violations of Section 14(e) of the Exchange Act

### (Against All Defendants)

56. Plaintiff repeats all previous allegations as if set forth in full herein.

57. Defendants have disseminated the Recommendation Statement with the intention of soliciting stockholders, including Plaintiff, to tender their shares in favor of the Proposed Transaction.

58. Section 14(e) of the Exchange Act provides that in the solicitation of shares in a tender offer, "[i]t shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading[.].

59. The Recommendation Statement was prepared in violation of Section 14(e) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Recommendation Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

60. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

61. The Individual Defendants were at least negligent in filing a Recommendation Statement that was materially misleading and/or omitted material facts necessary to make the Recommendation Statement not misleading.

62. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to tender its shares on the basis of complete information if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer period regarding the Proposed Transaction.

63. Plaintiff has no adequate remedy at law.

## SECOND COUNT

### Violations of Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9

### (Against all Individual Defendants)

64. Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

65. Defendants have disseminated the Recommendation Statement with the intention of soliciting stockholders, including Plaintiff, to tender their shares in favor of the Proposed Transaction.

66. Section 14(d)(4) requires Defendants to make full and complete disclosure in connection with a tender offer.

67. SEC Rule 14d-9 requires a Company's directors to, furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading.

68. Here, the Recommendation Statement violates both Section 14(d)(4) and SEC Rule 14d-9 because it because it is materially misleading in numerous respects, omits material facts,

including those set forth above and Defendants knowingly or recklessly omitted the material facts from the Recommendation Statement.

69. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to tender his shares on the basis of complete information if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer period regarding the Proposed Transaction.

70. Plaintiff has no adequate remedy at law.

## THIRD COUNT

### Violations of Section 20(a) of the Exchange Act

### (Against all Individual Defendants)

71. Plaintiff repeats all previous allegations as if set forth in full herein.

72. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or should have known that the Registration Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

73. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein.  The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws.  The

Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

74. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of AutoWeb's business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading. As a result, the Individual Defendants are responsible for the accuracy of the Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

75. The Individual Defendants acted as controlling persons of AutoWeb within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Company, the Individual Defendants had the power and authority to cause AutoWeb to engage in the wrongful conduct complained of herein. The Individual Defendants controlled AutoWeb and all of its employees. As alleged above, AutoWeb is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A. Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and

setting it aside or awarding rescissory damages to Plaintiff;

C.    Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: August 12, 2022           **BRODSKY & SMITH**

By:   */s/ Evan J. Smith*
Evan J. Smith
240 Mineola Boulevard
Mineola, NY  11501
Phone: (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*